UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:17-cr-00033-JAW |
| | ) | |
| ANTHONY G. BERRY | ) | |

**ORDER ON DEFENDANT'S MOTION TO CONTINUE SENTENCING**

On May 3, 2017, Anthony G. Berry waived indictment and pleaded guilty to an information, charging him with engaging in a conspiracy to transport stolen goods. *Waiver of an Indictment* (ECF No. 1); *Information* (ECF No. 2). He has been awaiting a sentencing hearing ever since. The scheduling of the sentencing hearing has been substantially delayed largely, though not exclusively, as a result of motions to continue by defense counsel. On June 21, 2017, Attorney Tzovarras sought and received a thirty day extension of time for initial disclosure of the presentence investigation report. *Def.'s Mot. to Enlarge Time for Initial Disclosure of PSI* (ECF No. 16); *Order Granting Mot. to Enlarge Time for Initial Disclosure of Presentence Report* (ECF No. 17). The Court held a presentence conference on August 31, 2017. *Min. Entry* (ECF No. 21). It set a briefing schedule that required the Defendant to file a sentencing memorandum by September 20, 2017 and the Government to respond by October 4, 2017. It also scheduled a sentencing hearing for October 11, 2017. *Notice of Hr'g* (ECF No. 22).

On September 11, 2017, Attorney Tzovarras again moved to continue the case for "approximately thirty days." *Mot. to Continue Sentencing Mem. Deadlines and*

*Sentencing Hr'g* at 1 (ECF No. 24). In part, the motion to continue was based on a murder trial in which Attorney Tzovarras was defense counsel in state court that was scheduled from September 21 until October 6, 2017, which meant that he would have "limited time to prepare a sentencing memorandum during this time." *Id.* at 2. The Government opposed the continuance, but on September 12, 2017, the Court granted the continuance over the Government's objection. *Order Granting Mot. to Continue Sentencing Mem. Deadlines and Sentencing Hr'g* (ECF No. 28). The Court reset the deadline for the Defendant's sentencing memorandum for October 20, 2017 and the Government's response for November 3, 2017. The Court also set the sentencing hearing for December 12, 2017. *Notice of Hr'g* (ECF No. 29).

On October 20, 2017, Attorney Tzovarras again moved to continue filing deadline for his sentencing memorandum but only for another three days. *Def.'s Mot. for Enlargement of Time to File Sentencing Mem.* (ECF No. 31). On October 23, 2017, the Court granted the motion. *Order Granting Mot. to Extend Time to File Sentencing Mem.* (ECF No. 32).

On September 11, 2017, Attorney Tzovarras had moved for a copy of another defendant's presentence investigation report. *Mot. for Release of Revised Pre-Sentence Report and Statement of Reasons in Co-Conspirator's Sentencing* (ECF No. 25). On October 23, 2017, the Court held a conference of counsel to discuss this motion. *Min. Entry* (ECF No. 34). Attorney Tzovarras requested some additional time to decide whether to press the motion, and the Court granted him until November 7, 2017. *Min. Entry* (ECF No. 34). Attorney Tzovarras failed to comply

2

with the Court's deadline and on November 9, 2017, the Court dismissed his motion for the other defendant's presentence investigation report. *Order* (ECF No. 38).

In the meantime, Attorney Tzovarras filed his sentencing memorandum on October 24, 2017 and the Government filed its response on November 6, 2017. The sentencing date was set for December 12, 2017. On October 4, 2017, the Court reset the December 12, 2017 hearing date because it had agreed to act as faculty at the National Advocacy Center in Columbia, South Carolina. *Notice of Rescheduled Hr'g* (ECF No. 30). The new hearing date was January 3, 2018.

On November 16, 2017, the Court was required to reschedule the January 3, 2017 hearing date for January 24, 2017 because it was scheduled to preside over a civil jury trial, *Bowen v. DiTech Fin. LLC*, 2:16-cv-00195-JAW, in Portland during the first week of January, 2018. *Notice of Rescheduled Hr'g* (ECF No. 39). However, on December 6, 2017, the parties in *Bowen* confirmed that the case settled, thereby freeing up the first week of January, 2018.

On December 15, 2017, Attorney Tzovarras moved to continue the January 24, 2018 sentencing hearing until "sometime after February 9, 2018." *Def.'s Mot. to Continue Sentencing Hr'g* (ECF No. 41) (*Def.'s Mot.*). On December 15, 2017, the Government responded and objected to the continuance, requesting that the Court reinstate the January 3, 2018 date. *Gov't Resp. in Opp'n to Defense Mot. to Continue Sentencing Hr'g* (ECF No. 42) (*Gov't's Opp'n*). Attorney Tzovarras replied on December 18, 2018. *Def.'s Reply to Gov't's Resp. to Mot. to Continue Hr'g* (ECF No. 43) (*Def.'s Reply*).

3

In his motion, Attorney Tzovarras gave two reasons for the requested continuance: (1) he was scheduled for a state court trial on January 22-26, 2018; and, (2) the state court specially set the trial to avoid conflict with federal trials Attorney Tzovarras currently has scheduled in this Court during the month of January 2018. The Court's docket reveals that Attorney Tzovarras is defense counsel on *United States v. Cain*, 1:16-cr-00103-JAW, a criminal case set for trial from January 9, 2018 through January 17, 2018 and on *United States v. Jack*, 1:17-cr-00037-JAW, a second criminal case set for trial from January 29, 2018 through February 2, 2018.

In its response, the Government suggested that the Court consider resetting the matter for January 3, 2018, rather than two months or more in the future. *Gov't's Opp'n* at 1. The Government observed that Attorney Tzovarras' services "are— properly—in high demand" and it worries that "calendar conflicts are likely to reoccur as the hearing is scheduled more remotely in time." *Id.* at 2. If the case cannot be scheduled during the first week of January, the Government urged the Court to "require counsel to commit to a date certain, acceptable to both the Court and the government." *Id.*

In reply, Attorney Tzovarras represented that he would be "unable to fully prepare for the sentencing if it is rescheduled to an earlier date of January 3rd as suggested by the Government." *Def.'s Reply* at 1-2. He explained that Mr. Berry "had been planning and preparing for a sentencing in late January since mid-November, and Mr. Berry has holiday plans with his family." *Id.* at 2. In a footnote, Attorney Tzovarras acknowledged that he initially suggested the sentencing hearing be reset

4

after February 9, 2018, but he "now plans to be on vacation the following week." *Id.* at 2 n.1. He asked the Court to reset the sentencing hearing until "after February 19, 2018." *Id.* at 1.

Federal Rule of Criminal Procedure 32(b)(1) requires a court to "impose sentence without unnecessary delay." This case was originally scheduled for a sentencing hearing on October 11, 2017; under Attorney Tzovarras' proposal, the Court will not be able to sentence Mr. Berry until after February 19, 2018, more than four months after the original date for the sentencing hearing, and much but not all of the delay has been caused by Attorney Tzovarras' very active and demanding criminal defense practice.

In ruling on the motion to continue, the Court has not considered some of the Defendant's arguments. First, the Court has not considered the Defendant's own holiday schedule. Mr. Berry has pleaded guilty to committing a serious federal felony and it would be inappropriate for the Court to delay his sentencing hearing because he wants to celebrate the holidays. Anyway, the holidays are effectively over by January 3, 2018 and the Court would not allow him to force a continuance of his sentencing hearing because Mr. Berry wants a long holiday break extending past New Year's Eve and Day.

The Court also rejects Attorney Tzovarras' representation that he could not adequately prepare for the sentencing hearing if it were held on January 3, 2018. Attorney Tzovarras filed his sentencing memorandum on October 24, 2017 and the case is not unduly complex. The Court is entirely confident that if the sentencing

5

hearing were held on January 3, 2018, Attorney Tzovarras would be able to adequately prepare for the hearing in the more than two weeks before now and then.

In ruling on the motion to continue, the Court has considered the custody status of Mr. Berry. The Court released Mr. Berry on personal recognizance bond on May 3, 2017, *Appearance Bond* (ECF No. 13), which means that at least Mr. Berry has not been incarcerated during the period of delay. The Court has also considered the potential incarcerative sentences. The apparently agreed-upon sentencing guideline range is 6 to 12 months. *Def.'s Sentencing Mem.* at 6 (ECF No. 35) (*Def.'s Mem.*); *Gov't's Sentencing Mem.* at 1-2 (ECF No. 36). Mr. Berry is requesting a fully probated sentence. *Def.'s Mem.* at 10. The Court has considered the absence of any suggestion that Mr. Berry has violated the terms of his bond since May, 2017. The Court has considered the lack of any indication that any Government witnesses or victims will be inconvenienced or unable to attend the sentencing hearing because of the delay or that the Government would be prejudiced in any particular way by the delay. The Court has considered the need for Mr. Berry to pay restitution to the victims and the fact that Mr. Berry has made some effort while on release to make restitution payments. The Court has considered Attorney Tzovarras' demanding trial schedule, both in federal and state courts, and observes that even though the Court is anxious to accommodate counsel, ultimately the Court's scheduling of criminal matters may not depend on the availability of a busy defense attorney. At some point, Attorney Tzovarras' professional and personal schedule must bend to the overriding need for prompt justice. Finally, the Court has considered that even though almost

all of the blame for the delay rests squarely with Attorney Tzovarras, the Court itself was required to delay the case from December 12 to January 24, due to its own scheduling conflicts.

On balance, the Court GRANTS Defendant's Motion to Continue Sentencing Hearing (ECF No. 41) over the Government's objection. The Court directs the Clerk's Office to consult with counsel for the Government and the Defendant and to reschedule the case for a sentencing hearing after February 19, 2018. Once the new date has been established by mutual agreement, the Court cautions Attorney Tzovarras that the Court will consider the date etched in stone and he must advise the powers that be, that the federal court is stretching hard against its breaking point in allowing him to control the court's docket.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2017